

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JUNE BELT, on behalf of herself and on behalf of all others similarly situated, | § § § § | Civil File No. 6:03-CV-73 |
| Plaintiff, | § § | |
| v. | § § | [Wage/Hour - Fair Labor Standards Act] |
| (1) EmCare, Inc, (2) Texas EM-I Medical Services, P.A., and (3) St. Paul ERDocs, P.A. | § § § § | [Collective Action] [Jury Demanded] |
| | § | [JUDGE DAVIS] |
| Defendants. | § § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' JOINT RESPONSE
OPPOSING PLAINTIFF'S MOTION TO APPROVE FORM OF NOTICE**

**I. THE COURT SHOULD UTILIZE PLAINTIFF'S PROPOSED NOTICE FORM**

**A. The Well-Educated Potential Class Members Will Not Be Misled by the Use of the Word "Claim."**

Plaintiff's proposed notice makes it clear that the plaintiffs must prevail in their lawsuit in order to collect any money. *See* Docket Entry No. 43 at Ex. 2. For example, Belt's notice states that if the plaintiffs do not win the lawsuit, the opt-in plaintiffs "will get nothing." *Id.* Belt's notice also informs the potential class members that 1) EmCare denies that any money is owed, and 2) the Court "has not decided anything." *Id.*

Nonetheless, EmCare suggests that the "well-educated" class members will be misled by the use of the word "claim" in the notice issued to the potential class members. *See* Docket Entry No. 44, p. 2. Specifically, EmCare suggests that the use of the word "claim" would lead the potential plaintiffs to believe they are "claiming rights to a pre-determined pool of money." *Id.* Belt respectfully suggests that notifying the potential class members that they must win the lawsuit to get



anything, that EmCare denies that the potential class members are owed anything, and that the Court has not yet decided anything, will mitigate any potential for confusion created by the use of the word "claim."

### B. Telling the Potential Class Members That "The Court Has Not Decided Anything" Is Sufficient to Let the Class Members Know That the Court Has Not Decided Anything.

Stunningly, EmCare argues that Belt's notice "contains no language informing recipients of the notice that the Court has taken no position on the merits of the case." *See* Docket Entry No. 44, p. 3. However, Plaintiff's proposed notice informs the reader as to the parties positions and that "[t]he Court has not decided anything." *See* Docket Entry No. 43 at Ex. 2. Accordingly, the statement that the Court "has not decided anything" is sufficient to inform the potential class members that the Court has not decided anything with respect to the merits of the case.

### C. The Notice Should Not Include Defense Counsel's Contact Information Because Defense Counsel has an Inherent Conflict of Interest in Providing Legal Advice to the Potential Class Members

EmCare suggests that its lawyers' contact information should appear in the notice. However, defense counsel would have an obvious conflict of interest in purporting to provide legal advice to potential class members who have questions about the notice or the case. Moreover, including this information creates a risk of confusion as to who these attorneys' represent. Accordingly, defense counsel's contact information should not be included in the notice issued to the class in this case.

### D. The Potential Plaintiffs should be Provided Sufficient Time to Opt-In

EmCare also seeks to have the opt-in period limited to a mere 60 days. Plaintiffs submit that this short time frame is unrealistic given the class appears to consist of several thousand individuals scattered over more than 35 states. *See, e.g., Hipp v. Liberty Mutual*, 164 F.R.D. 574, 576

(M.D. Fla. 1996)(120 day opt-in period); *Pines v. State Farm General Insurance Company*, 58 FEP Cases 387 (C.D. Cal. 1992)(same); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 241 (N.D.N.Y. 2002)(nine month opt-in period because the class was geographically dispersed). Based on the experience of Plaintiffs' counsel in class and collective actions, with a mailing of this size, Plaintiffs' counsel will likely still be receiving returns of undeliverable notices at the 60-day mark. Sufficient time must be allowed not only for the notice to be received and for potential opt-ins to consider their decision and respond, but for Plaintiffs' counsel to receive undeliverable notices, find a current address for these potential opt-ins, and re-send notice to these persons. For these reasons, Plaintiffs' counsel believes that a 120-day opt-in period is appropriate. However, if the Court finds that the opt-in period must be shortened, Plaintiffs request potential plaintiffs be given 90 days from the date of mailing in which to mail their consents.

## II. DEFENDANTS' PROPOSED FORM OF NOTICE IS MISLEADING AND CONFUSING

### A. The Heading of Defendants' Notice is Confusing

The heading of Defendants' proposed notice is itself problematic and exemplifies the obfuscation that Defendants are obviously attempting to achieve with their proposed notice. The heading refers this as a "Wage and Hour Suit." While perhaps technically correct, this suit is really about overtime. You have to read nearly halfway down the first page of Defendants' proposed notice before the word overtime is ever mentioned.

### B. Defendant's Description of Plaintiffs' Claim is Inaccurate

Defendants description of Plaintiff's claim is inaccurate in several respects, most notably that it states that Plaintiff is claiming that she should have been paid a salary. Plaintiff is not claiming that; she is claiming that she should have been paid overtime.

### C. Defendants' Notice is Calculated to Discourage Participation

Defendants' notice, in the totality of its tone and language, is calculated to intimidate potential opt-ins and discourage their participation.

### D. Defendants' Anti-Retaliation Statement is not Strong Enough

Defendants are well aware that the single most common reason for non-participation by current employees is the fear of retaliation. For this reason, it is important that the anti-retaliation language in a notice be as strong as possible. Defendants' proposed language does not come close.

### E. The Time Frame Used by Defendants is Incorrect

The Defendants use a class time frame of 2/25/2000 to 2/25/2003. The latter date is incorrect. There is no reason to cut off the class period on the date of the filing of the Complaint. As the parties agreed in their stipulation to notice, the class period continues to the present.

## III. PLAINTIFF'S ALTERNATIVE NOTICE

Plaintiff has attempted to craft a notice that, in a single page, conveys simply and straightforwardly all of the information necessary for potential opt-ins to make an informed decision. Judge Lynn Hughes of the Southern District recently approved such a notice. It is the firm belief of Plaintiff's counsel that the more lengthy form of notice, as exemplified by Defendants' proposal, is more intimidating and confusing and, due to its length alone, discourages potential opt ins from even reading it to begin with, thus discouraging participation. However, should the Court determine to use a more "traditional" notice format, Plaintiff is providing an alternative notice in such a format which is more accurate than that proposed by Defendants.

## IV. PLAINTIFFS' COUNSEL SHOULD BE RESPONSIBLE FOR MAILING NOTICE

Plaintiff's counsel, not Defense counsel, should be responsible for mailing notice. The notice represents a communication from the plaintiff and plaintiff's counsel to the opt-ins. *Woods v. New*

*York Life Insurance Co.*, 686 F.2d 578, 580-81 (7th Cir. 1982). Having Defense counsel responsible for mailing notice would be the ultimate case of the fox guarding the henhouse. Neither of Plaintiffs' counsel, who are both experienced in collective action litigation, are aware of any case in which a Court has authorized Defense counsel to undertake this important responsibility.

Plaintiff is willing, however, to compromise on the issue of the information that must be supplied by Defendants to allow Plaintiff's counsel to issue the notice. Plaintiff is willing to agree to Defendants providing names and addresses only, so long as for those notices returned as undeliverable, Defendants will agree to provide an updated address within five (5) business days after having been provided the name of such person by Plaintiff, and if Defendants are unable to provide an updated address within that time frame, to provide Plaintiff's counsel with the date of birth, social security number and last known telephone number of such person so that Plaintiff can undertake a search for a current address.

Respectfully submitted,

JONES & ASSOCIATES, P.C.

_____
James A. Jones (TX Bar No. 10908300)
Christopher L. Green (TX Bar No. 24032372)
5015 Tracy, Suite 100
Dallas, Texas 75205
(214) 219-3456
(214) 219-9309 (fax)

**BRUCKNER BURCH. P.L.L.C.**
Richard J. Burch (TX Bar No. 24001807)
5847 San Felipe # 3900
Houston, Texas 77057
(713) 877-8788 (Telephone)
(713) 877-8065 (Telecopier)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served on the following counsel for Defendants this 25th day of August, 2003, by overnight delivery:

Kim A. Lucas
Kyle & Mathis, L.L.P.
8300 Douglas Ave., Suite 700
Dallas, Texas 75225

**Attorneys for EmCare, Inc.**

Ronald E. Manthey
Ann Marie Painter
Littler Mendelson
2001 Ross Ave
Suite 2600, LB 116
Dallas, Texas 75201

**Attorneys for Texas EM-I**

John T. Cox, III
Lynn Tillotson & Pinker, LLP
750 N. St. Paul St., Suite 1400
Dallas, Texas 75201

**Attorneys for St. Paul ER Docs**

_____
James A. Jones

<u>**IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS**</u>

TO: **ALL CURRENT OR FORMER HOURLY NURSE PRACTITIONERS AND PHYSICIAN'S ASSISTANTS EMPLOYED BY EMCARE, INC. OR ANY OF ITS RELATED ENTITIES AT ANY TIME SINCE FEBRUARY 25, 2000**

FROM: **JONES & ASSOCIATES, P.C.**
**BRUCKNER BURCH, P.L.L.C.**

RE: **RIGHT TO JOIN A LAWSUIT SEEKING TO RECOVER UNPAID OVERTIME COMPENSATION**

DATE: **SEPTEMBER __, 2003.**

**1. PURPOSE OF NOTICE**

The purpose of this Notification is to inform you of the existence of a collective action lawsuit in which you are potentially eligible to participate because you may be "similarly situated" to the named Plaintiff. This Notification is also intended to advise you how your rights under the Federal Fair Labor Standards Act (the "Act") may be affected by this lawsuit, and to instruct you on the procedure for participating in this suit, should you decide that it is appropriate and you choose to do so.

**2. DESCRIPTION OF THE LAWSUIT**

A lawsuit has been brought by June Belt ("Plaintiff") against EmCare, Inc., Texas EM-I Medical Services, P.A., and St. Paul ERDocs, P.A., (collectively referred to as "Defendants") in the United States District Court for the Eastern District of Texas as Cause No. 6:03-CV-73. The lawsuit alleges that Defendants failed to provide overtime compensation as required by the Act to Nurse Practitioners and Physician's Assistants employed by EmCare, Inc. and its related entities, including but not limited to those entities in various states containing "EM-I" in their legal name. Plaintiff's lead counsel in this case are:

James A. Jones
Jones & Associates, P.C.
5015 Tracy, Suite 100
Dallas, Texas
Telephone: (214) 219-3456
Facsimile: (817) 430-8778
E-mail: titlevii@1scom.net

and

Richard J. Burch
Bruckner Burch, P.L.L.C.
5847 San Felipe #3900
Houston, Texas 77057
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
E-Mail: Rburch@brucknerburch.com

Generally, the overtime provisions of the Act require that, for all hours over forty hours per week that an employee works, the employer must compensate the employee at the rate of one and one-half times his or her regular hourly

rate, unless that employee is properly classified as "exempt" from the overtime provisions of the Act. The Plaintiff in this lawsuit claims that during one or more weeks of her employment with Defendants, she worked in excess of forty hours, but was not paid overtime at the rate of one and one-half times her hourly rate for the hours she worked in excess of forty. Plaintiff is suing to recover unpaid overtime compensation for the period from February 25, 2000, to the present, liquidated damages as provided by the Act, and attorneys' fees. Defendants have denied these charges, claiming that Plaintiff was exempt and was paid properly.

### 3. COMPOSITION OF THE CLASS

The named Plaintiff seeks to sue on behalf of herself and also on behalf of other employees with whom she is similarly situated. Those that Plaintiff alleges are similarly situated are those current and former hourly Nurse Practitioners and Physician's Assistants employed by any EM-I entity or any other entity for whom EmCare, Inc. has been engaged to perform activities with respect to the employment arrangement (as stated in your Employment Handbook), directly or indirectly, from February 25, 2000 to the present.

This Notification is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the United States District Court that you and the representative Plaintiff are actually "similarly situated."

### 4. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the definition above, that is, you were employed as an hourly Nurse Practitioner or Physician's Assistant by EmCare, Inc. or any of its related entities at any time from February 25, 2000, to the present, you may have a right to participate in this lawsuit.

### 5. HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a postcard entitled "Notice of Consent" ("Consent Form"). If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, **it is extremely important that you read, sign and return the Consent Form.** The Consent Form is pre-addressed and postage paid for your convenience. Should the enclosed Consent Form be lost or misplaced, please contact counsel for Plaintiff listed on page one of this notice.

The signed Consent Form must be postmarked by _____, 2003. **If your signed Consent Form is not postmarked by _____, 2003, you will not participate in any recovery obtained against Defendants in this lawsuit.** If you have any questions about filling out or sending in the Consent Form, please contact Plaintiff's counsel listed on page one of this notice.

### 6. NO RETALIATION PERMITTED

It is a violation of Federal law for EmCare, Inc. or any of its related entities to discharge, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit or actually joining this lawsuit, you should contact Plaintiff's counsel immediately.

### 7. EFFECT OF JOINING THIS SUIT

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class.

By joining this lawsuit, you designate the representative Plaintiff as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with

Plaintiff's counsel concerning fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

The representative Plaintiff in this matter has entered into a contingency fee agreement with Plaintiff's counsel, which means that if there is no recovery, there will be no attorneys fees or costs chargeable to you. If there is a recovery, Plaintiff's counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. You may request a copy of the contingency fee agreement executed by the Plaintiff in this matter from Plaintiff's counsel at the address, telephone number, facsimile number, or e-mail that appears on page one of this notice.

### 8. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, subject to any defenses that might be asserted. However, the pendency of this suit will not stop the running of the statute of the limitations as to any claims you might have until you opt-in to it.

### 9. FURTHER INFORMATION

Further information about this Notification or the lawsuit may be obtained from Plaintiffs' counsel at the address, telephone number, facsimile number or e-mail identified on page one of this notice, or on the internet at www.npovertime.com or www.paovertime.com.