LAW OFFICES OF
BRUCKNER BURCH PLLC
A REGISTERED PROFESSIONAL LIMITED LIABILITY COMPANY
5847 SAN FELIPE, SUITE 3900
HOUSTON, TEXAS 77057
TELEPHONE (713) 877-8788
TELECOPIER (713) 877-8065
WEBSITE www.brucknerburch.com

RICHARD J. BURCH
rburch@brucknerburch.com

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DEC - 8 2003
DAVID J. MALAND, CLERK
BY
DEPUTY

December 8, 2003

***Via Facsimile & Federal Express***
The Honorable Leonard Davis
United States District Judge
211 W. Furgeson, Room 106
Tyler, Texas 75702

**RE: Civil Action No. 6:03-CV-73; *Belt v. EmCare, Inc.*; In the United States District Court for the Eastern District of Texas, Tyler Division; Judge Davis**

Dear Judge Davis:

Per our instructions from the Court, attached is Plaintiff's Proposed Corrective Notice. *See* Exhibit A. For several hours, Plaintiff attempted to work out an Agreed Corrective Notice with Defendants. However, at 6:36 p.m., Defendants announced that the parties would have to submit competing versions of the Corrective Notice.

Plaintiff's counsel is, quite frankly, reluctant to request a specific monetary sanction from another member of the bar. However, Plaintiff believes the cost of the Corrective Notice is properly borne by EmCare and/or its counsel. This would include reimbursement for all attorney's fees incurred in obtaining the Protective Order (approximately $13,000 through close of business today) and for the costs associated with mailing the Corrective Notice and updating the case websites.[1]

---

[1] Plaintiff's request permission to update the case websites to include the following announcement:

**UPDATE: EmCare's Unauthorized Letter was Inaccurate and/or Misleading**

At a hearing on December 5, 2003, Judge Davis determined that EmCare's October 21, 2003 letter was inaccurate and/or misleading. Judge Davis has determined that a corrective notice should be issued. The corrective notice is intended to dispel any misconceptions created by EmCare's unauthorized letter. EmCare has agreed not to contact Nurse Practitioners or Physician Assistants regarding this lawsuit during the opt-in period. If EmCare contacts you regarding this lawsuit, they will be violating their agreement and Judge Davis' order. If EmCare contacts you regarding this lawsuit, please contact us

EmCare has represented to the Court that it will not engage in further communication with the potential class members during the opt-in period.[2] Plaintiff respectfully requests this Court enter an order requiring EmCare to live up to its promises. Of course, the "First Amendment is not implicated [by such a protective order] because Defendant agreed to limit its speech." *See Bullock v. Automobile Club of S. Cal.*, 2002 WL 432003 (C.D. Cal. Jan. 28, 2002)(granting plaintiffs' motion for corrective notice in FLSA collective action).

Finally, Plaintiff believes it will be impossible to completely cure the chilling effect EmCare's letter may have had on participation in this lawsuit. Therefore, Plaintiffs believe an appropriate sanction to remedy this harm is to keep the opt-in period open until sometime after the entry of judgment in this matter. *See, Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985). As the Court suggested during the hearing on December 5, 2003, such a sanction is appropriate to remedy the harm caused by EmCare's unsupervised contact with the potential class members.

Plaintiff appreciates the time the Court has taken with this issue. If the Court requires any thing further from us, we are available at the Court's convenience.

Very truly yours,

Richard J. (Rex) Burch

RJB:tbh

| | | |
|---|---|---|
| cc: | Ronald Manthey<br>Ann Marie Painter | *Via Facsimile (214) 880-0181* |
| | Kim Lucas | *Via Facsimile (214) 706-7622* |
| | Trey Cox | *Via Facsimile (214) 981-3839* |
| | James A. Jones | *Via Facsimile (817) 430-8778* |

immediately. The opt-in deadline is February 4, 2003. You must file a Notice of Consent by that date in order to recover overtime wages from this suit.

2 Obviously, EmCare may still discuss matters which arise in the ordinary course of business with its employees.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JUNE BELT, *et al.*, | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:03-CV-73 |
| | § | |
| EMCARE, INC., *et al.*, | § | |
| | § | |
| *Defendants* | § | |

## CORRECTIVE NOTICE

You may have received a letter dated October 21, 2003, from EmCare, Inc. on EmCare letterhead regarding this lawsuit. Judge Leonard Davis, United States District Judge, has specifically determined that the EmCare letter, which was not reviewed by the Court prior to its mailing, contained several statements that were inaccurate and/or misleading. Thus, the Court has ordered this Corrective Notice to be sent to you - at EmCare's expense - to eliminate any confusion created by EmCare's unauthorized letter.

**1. This Lawsuit is Not an Attack on Your Professionalism.**

EmCare's letter falsely suggests that this lawsuit is an attack on your status as a professional in the medical community. This is simply not true. This case is about overtime pay. One of the exemptions from the overtime requirements is what is known as the "professional exemption." However, the term "professional" as used in the overtime context is a term of art under the Fair Labor Standards Act (the "FLSA") and does not equate to whether or not someone in a particular job is a professional within commonly understood meaning of that word. Plaintiff, being a Nurse Practitioner herself, obviously recognizes that it is beyond dispute that your work is difficult and important to your patients and to the community at large. One of the requirements for a "professional," as that term of art is used in the FLSA, is that the employee be paid on a salaried basis in order to be exempt from the FLSA's overtime requirements. Thus, to the extent that the Plaintiff is arguing that she and the other members of the class are not "professionals" under the

EXHIBIT A

FLSA, she is only arguing that they do not fall within the definition of that term of art under the FLSA because they are paid on an hourly basis, not that Nurse Practitioners and Physician Assistants are not professionals (within the common meaning of that word) in the medical community. EmCare's attempt to suggest otherwise was misleading and improper.

**2. This Lawsuit is Not Equivalent to a Medical Malpractice Action.**

EmCare's letter was an attempt to improperly dissuade you from participating in this lawsuit by attempting to tap into deep rooted feelings in the medical community regarding medical malpractice lawsuits by equating this lawsuit to a medical malpractice claim. Once again, this is false. This lawsuit does not attack the work performance of any medical provider and does not assert that you have done anything wrong. To the contrary, it asserts that you have not been paid all of the compensation to which you are legally entitled for the work you have performed.

**3. The Department of Labor Has Not Approved of EmCare's Pay Practices.**

EmCare inaccurately stated in its letter that its practice of failing to pay overtime to its hourly Nurse Practitioners and Physician Assistants was consistent with the rulings of the United States Department of Labor("DOL"). In fact, the DOL has found the exact opposite. Prior to filing this lawsuit, Plaintiff June Belt reported EmCare to the DOL. Ms. Belt reported that EmCare had paid her on an hourly basis but had failed to pay overtime compensation as required by federal law. The DOL determined that if Nurse Practitioners such as Ms. Belt had been paid on a salary basis they would be classified as exempt. However, because Ms. Belt was paid an hourly basis, Ms. Belt was entitled to overtime pay. The DOL has made a similar finding with respect to EmCare's Mid-Level Practitioners. Accordingly, the United States Department of Labor has *not* approved of the way EmCare has paid its hourly Nurse Practitioners or Physician Assistants.

**4. Contact Plaintiff's Counsel, Not EmCare, with any Concerns Regarding Retaliation**

EmCare's letter also improperly suggests that you should contact EmCare with any concerns you have regarding retaliation or questions regarding the lawsuit. EmCare asked the Court for permission to include a similar statement in the Court approved notice. The Court specifically denied this request. Accordingly, EmCare's suggestion that you should contact EmCare regarding this lawsuit is a direct violation of this Court's ruling.

Accordingly, this Corrective Notice is to remind you that questions regarding this case should be directed to Plaintiff's counsel. The call is free and confidential. You can decide whether to join the lawsuit after speaking to Plaintiff's counsel or a lawyer of your own choosing. You can contact Plaintiff's counsel at:

James A. Jones
JONES & ASSOCIATES, P.C.
5015 Tracy, Suite 100
Dallas, Texas
Toll-Free Telephone: (866) 302-LEGAL (5342)
Telephone: (214) 219-3456
Facsimile: (817) 430-8778
E-mail: titlevii@1scom.net

OR

Richard J. Burch
BRUCKNER BURCH PLLC
5847 San Felipe #3900
Houston, Texas 77057
Toll-Free Telephone: (800) 443-2441
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
E-Mail: Rburch@brucknerburch.com

**5. The Damages to Which You Are Entitled if Successful.**

EmCare's letter was misleading and incomplete regarding the amount of damages to which you will be entitled if this lawsuit is successful. The FLSA provides that, if EmCare failed to pay you overtime to which you were legally entitled, you are entitled to recover 100% of the overtime pay you did not receive for the two years prior to your joining this lawsuit (three years if, as Plaintiff has alleged, EmCare's failure to pay you overtime is found to have been willful), an equal amount as "liquidated damages," plus attorneys' fees and costs.

**6. Some Final Comments Regarding this Corrective Notice**

You are being sent this Corrective Notice to allow you to make an informed choice as to whether to join this lawsuit. This decision is yours alone. The Court has not taken any position on the merits of the Plaintiff's claims or EmCare's defenses. However, Federal law prevents EmCare from taking any adverse action against you for joining this lawsuit. This means you cannot be fired, sued, demoted, or otherwise discriminated against for participating in this suit.

The deadline for joining this lawsuit is **February 4, 2004**. Your notice of consent (enclosed) must be post-marked by that date or you may not be allowed to join this lawsuit. You must file a notice of consent in order to receive unpaid overtime wages.

**Finally, this is a Court Notice - not a letter from the lawyers or parties in this case. However, the Court must remain neutral in this matter. Accordingly, please do not direct any questions regarding this lawsuit to the Court. If you have further questions about this lawsuit**

**or your rights, you may contact the lawyers for Ms. Belt and the other opt-in plaintiffs at the numbers listed above. In addition, if you receive any further communications from EmCare regarding the subject matter of this lawsuit, please contact Plaintiff's counsel immediately.**