IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **JUNE BELT, JEFFREY HAMLIN,** § | | |
| **FRANK PASTOR, and NANCI ADINOLFI,** § | | |
| on behalf of themselves and on behalf of § | Civil File No. 6:03-CV-73 | |
| all others similarly situated, § | | |
| § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| v. § | | |
| § | [Collective Action] | |
| § | [Class Action] | |
| **(1) EmCare, Inc,** § | [Jury Demanded] | |
| **(2) Texas EM-I Medical Services, P.A.,** § | | |
| **(3) California EM-I Medical Services,** § | | |
| **(4) AEP Medical Group, Inc., and** § | | |
| **(5) Supplemental Provider Services,** § | | |
| § | [JUDGE DAVIS] | |
| **Defendants.** § | | |

**ORDER: (1) PROVISIONALLY CERTIFYING SETTLEMENT CLASS;
(2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT (3) DIRECTING
DISTRIBUTION TO THE CLASS OF NOTICE OF SETTLEMENT AND
OPPORTUNITY TO "OPT OUT" OF OR OBJECT TO SETTLEMENT; AND
(4) SETTING A HEARING FOR FINAL APPROVAL OF THE SETTLEMENT**

Representative Plaintiffs Jeffrey Hamlin, Frank Pastor, and Nanci Adinolfi (the "California Named Plaintiffs") have alleged in the above-captioned action that Defendants EmCare, Inc., California EM-I Medical Services, AEP Medical Group, Inc., and Supplemental Provider Services, ("California Defendants"), failed to pay a class of individuals, defined as follows, overtime wages for all overtime hours worked: The "Conditional Settlement Class" consists of all persons who are employed or have been employed by EmCare, Inc., California EM-I Medical Services, AEP Medical Group, Inc., and/or Supplemental Provider Services in the capacity of a Nurse Practitioner or Physician Assistant in the State of California at any time from March 1, 2000 through the date of Final Approval of the Settlement Agreement, who were not paid a salary and who are not otherwise

specifically excluded. The "Conditional Settlement Class" specifically excludes all persons who are or have been employed by EmCare, Inc., California EM-I Medical Services, AEP Medical Group, Inc., and/orSupplemental Provider Services as members of a Sexual Assault Response Team and/or Violence Intervention Program in the State of California at any time from March 1, through the date of Final Approval of the Settlement Agreement. The California Named Plaintiffs alleged that Mid-Levels employed by Defendants in the State of California were not paid at a rate of at least one and one-half times their regular rate for any and all hours worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek or double time for all hours worked in excess of twelve (12) hours in a workday. The California Named Plaintiffs also alleged violations of California Unfair Competition laws. The California Named Plaintiffs also alleged failure to furnish wage statements and keep pay roll records as required by law. The California Named Plaintiffs sought recovery of unpaid overtime, interest, waiting time penalties, civil penalties, and attorneys' fees and costs. Defendants deny Plaintiffs' allegations.

On May 17, 2004, the parties entered into mediation for the purpose of attempting to settle this dispute. While no agreement was reached at mediation, negotiations have been ongoing. Those negotiations have now been successful. In full settlement of all Conditional Settlement Class claims, the California Named Plaintiffs and the California Defendants have agreed to the proposed Settlement Agreement. The California Defendants continue to deny all allegations contained in the Third Amended Complaint, and the California Defendants do not admit or concede that they have, in any manner, violated the California Labor Code, The California Unfair Competition Laws or any other law.

The California Named Plaintiffs have moved this Court to (1) provisionally certify a settlement class; (2) preliminarily approve the Settlement Agreement; (3) direct distribution to the

class of a proposed Notice of Settlement and Opportunity to "Opt Out" of or Object to Settlement, or to Appeal the amount of the Settlement Fund awarded (the proposed "Class Notice"); and (4) set a hearing date for final approval of the settlement.  No opposition has been filed to Plaintiffs' motion, which came for hearing before this Court on February 28, 2005, at 10 a.m.  Counsel for both parties were present.

This Court having fully received and considered the Plaintiffs' motion, memorandum of points and authorities, declaration in support of the motion, the Settlement Agreement, the proposed Class Notice, and the oral argument presented to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and to conduct a fairness hearing as to good faith, fairness, adequacy and reasonableness of any proposed settlement, **HEREBY ORDERS and MAKES DETERMINATIONS** as follows:

### ORDER PROVISIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court finds that certification of the following Class for settlement purposes only is appropriate under Fed. R. Civ. P. 23 and related case law: The "Conditional Settlement Class" consists of all persons who are employed or have been employed by EmCare, Inc., California EM-I Medical Services, AEP Medical Group, Inc., and/or Supplemental Provider Services in the capacity of a Nurse Practitioner or Physician Assistant in the State of California at any time from March 1, 2000 through the date of Final Approval of the Settlement Agreement, who was not paid a salary and who are not otherwise specifically excluded.  The "Conditional Settlement Class" specifically excludes all persons who are or have been employed by EmCare, Inc., California EM-I Medical Services, AEP Medical Group, Inc., and/or Supplemental Provider Services as members of a Sexual Assault Response Team and/or Violence Intervention Program in the State of California at any time from March 1, 2000 through the date of Final Approval of the Settlement Agreement.

The Court finds that the Class meets the numerosity requirement because more than 100 Class members have been identified through EmCare's payroll and personnel records. The commonality requirement is also met; in the absence of class certification and settlement, each individual Class member would be forced to litigate a long list of core common issues of law and fact, all relating to Defendants' alleged failure to pay class members for overtime hours. Because the Plaintiffs and Class members' claims all arise from the same alleged events and course of conduct, and are based on the same legal theories, the typicality requirement is satisfied. The adequacy of representation requirement is also met here because the named Plaintiffs have the same interests as all members of the Class, and are represented by experienced and competent counsel.

The Court further finds that common issues predominate over individual issues in this litigation and that Class treatment is superior to other means of resolving the instant dispute, because employing the class device here will not only achieve economies of scale for Class members with relatively small individual claims, but will also conserve the resources of the judicial system and preserve public confidence in the integrity of the system by avoiding the waste and delay of repetitive proceedings, and prevent the inconsistent adjudications of similar issues and claims.

The Court finds that the named Plaintiffs are adequate representatives and appoints them as such, and that Plaintiffs' Counsel (James A. Jones and Richard J. Burch) have more than adequately represented the Class and are appointed as "Class Counsel."

The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission on the part of Defendants that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendants to oppose certification of a Class in this or any other action, and/or to seek decertification or modification of the Class should the proposed Settlement Agreement not be

granted final approval.

## PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

The Court has reviewed the Settlement Agreement and the proposed Class Notice, which are attached to the Declaration of James A. Jones in Support of Plaintiffs' Motion for Preliminary Approval and are incorporated herein by reference. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, appears to be presumptively valid, subject only to objections that may be raised at the final approval hearing. It appears to the Court on a preliminary basis that the settlement amount ($1,500,000.00) is fair and reasonable to all potential class members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that extensive and costly investigation, discovery and legal research have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions. It further appears that settlement at this time will avoid additional substantial costs which have already been incurred by both parties, as well as avoid the delay and risks that would be presented by the further prosecution of the litigation. It further appears that the proposed settlement has been reached as a result of intensive, serious and noncollusive arms-length negotiations. The Court preliminarily approves the settlement, including the proposed attorney's fees and costs (one-third of the settlement fund).

## APPROVAL OF DISTRIBUTION OF THE NOTICE OF SETTLEMENT

This Court finds the proposed Class Notice, which is attached to the Declaration of James A. Jones in Support of Plaintiffs' Motion for Preliminary Approval, fairly and adequately advises the potential class members of the terms of the proposed settlement and the process for the class members to obtain the benefits available thereunder, as well as the right of class members to appeal

their award from the Settlement Fund, opt out of the class, to file documentation in opposition to the proposed settlement, and to appear in person or by telephone at the Fairness Hearing to be conducted on the date set forth below.  The Court further finds that the Class Notice and proposed distribution of such notice by first-class mail to each identified class member at his or her last known address (with a database search and remailing of any returned mail) comports with all constitutional requirements, including those of due process.

The Court confirms Settlement Services, Inc. ("SSI") as Settlement Administrator.

Accordingly, good cause appearing, the Court hereby approves the proposed Class Notice and adopts the following dates and deadlines:

| | |
|---|---|
| **March 15, 2005** | Dissemination of Class Notice. |
| **April 14, 2005** | Postmark deadline for Class members to "opt out" of the Settlement, to submit Appeals of awards, or to submit written objections to the Settlement. |
| **April 29, 2005** | Last day for filing and service of papers in support of final Settlement approval and requests for attorneys' fees and expenses. |
| **May 16, 2005 at 1:30 p.m.** | Final Settlement approval hearing. |
| 10 days after Settlement Effective Date (as defined in the Settlement Agreement). | SSI to wire attorneys' fees and costs to Class Counsel. |
| 10 days after the Settlement Effective Date (as defined in the Settlement Agreement) | SSI to mail payments to Settlement Class Members. |
| 10 days after certification by Class Counsel that all Appeals have been resolved | SSI to mail additional payments to Class Members whose Appeals have been granted. |
| | |

| | |
|---|---|
| 100 days after addtional payments mailed to Class Members whose Appeals have been granted. | SSI to distribute any residual in Settlement Fund to the American Red Cross |

## FINAL APPROVAL FAIRNESS HEARING

The Court hereby grants the Plaintiffs' motion to set a settlement hearing for final approval of the Settlement Agreement on Monday, May 16, 2005 at 1:30 p.m. in the Courtroom of the Honorable Leonard Davis, 306 Federal Building & U.S. Courthouse, 221 W. Ferguson St., Tyler, Texas. Members of the class who object to the proposed settlement may appear and present such objections to the Fairness Hearing in person, by telephone or by counsel, provided that the objecting class member submits a written statement containing the name and address of the objecting class member and the basis of that person's objections, together with a notice of the intention to appear, if appropriate, which must be postmarked no later than April 14, 2005. Any person wishing to appear at the Fairness Hearing by telephone shall notify Class Counsel of their intention no later than Monday, April 25, 2005 by calling Class Counsel James A. Jones at 866-302-5342 (toll free). No person shall be heard, and no briefs or papers shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown. Class Counsel shall serve Defendants' counsel with copies of all objections received no later than April 26, 2005 and file the objections with the Court at the time they file Plaintiffs' papers in support of the final approval of the Settlement Agreement. All notices of intent to "opt out" must be postmarked by April 14, 2005.

Class Counsel shall file Plaintiffs' memorandum of points and authorities in support of the final approval of the Settlement Agreement and their request for approval of the agreed upon attorneys' fees and litigation expenses no later than April 29, 2005. Counsel for Defendants may

also file a memorandum of points and authorities in support of final approval of the Settlement Agreement no later than the date set for Plaintiffs.

**IT IS FURTHER ORDERED** that, if for any reason the Court does not grant final approval of the Settlement Agreement, all evidence and proceedings held in connection therewith shall be without prejudice to the status quo ante rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

**So ORDERED and SIGNED this 28th day of February, 2005.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**