IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JUNE BELT, on behalf of herself and on behalf of all others similarly situated, Plaintiff | § § § § | |
| vs. | § § | CASE NO. 6:03-CV-73 |
| EMCARE INC., et al Defendants | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the parties' Joint Proposed Bench Trial Plan (Docket No. 201) and Plaintiffs' Motion for Notice to Potential Class Members (Docket No. 202). Having considered the parties' written submissions, the Court issues the following bench trial plan and **DENIES** the motion.

## BENCH TRIAL PLAN

In their Joint Proposed Bench Trial Plan, the parties were able to agree on most issues related to how the case should proceed. The parties stipulate for purposes of this case only that EmCare, Inc. is an employer of the Plaintiffs for the time worked at any facility to which EmCare provides administrative services within the relevant statute of limitations. The parties also agree that a special master will determine Plaintiffs' actual damages. Additionally, the parties agree to a limited group of trial witnesses and exhibits. The parties estimate this case will take no more than three days or fifteen hours of testimony to try. Finally, the parties agree that two issues will be tried to the bench:

1. Whether Defendants acted in good faith with respect to its compensation plan for nurse practitioners and physician assistants; and

2. Whether Defendants' alleged violations of the FLSA were willful.

The parties disagree on whether they should attend mediation and on how the special master should be paid. The Court **ORDERS** the parties to another attempt at mediation before the bench trial. The parties also disagree on the allocation of the special master's fees. The Court **ORDERS** that initially the parties will equally share the special master's fees and after the special master's services are concluded, the parties may submit their proposals for reallocation of the special master's fees. Finally, the parties disagree on whether another notice should be sent to potential class members, which is the issue of Plaintiffs' motion.

Accordingly, the Court **ORDERS** the following schedule:

| | |
|---|---|
| Oct. 27, 2006 | Deadline to submit the name of an agreed special master to be appointed by the Court |
| Dec. 1, 2006 | Expert discovery concludes |
| Dec. 15, 2006 | Motions to Strike Experts due |
| Dec. 29, 2006 | Mediation deadline |
| Jan. 22, 2007 | Parties to file estimates of the amount of time they request at trial for (1) opening statements, (2) direct and cross examinations, and (3) closing arguments. |
| Jan. 29, 2007 at 10:00 a.m. | Pretrial with Bench trial to follow |

**MOTION FOR NOTICE TO POTENTIAL CLASS MEMBERS**

Plaintiffs argue that a second notice should be sent to potential class members to allow them the opportunity to join the Plaintiff class in this action. Plaintiffs contend that the potential plaintiffs are identically situated as the current Plaintiffs and EmCare will not face any prejudice by a second notice because the issue of EmCare's liability has already been decided. Thus, allowing additional plaintiffs to join this action would promote judicial economy since issue preclusion will apply to any

future suit by additional plaintiff classes. Plaintiffs also argue that the potential plaintiffs may be prejudiced if no notice is sent because they could face statute of limitations issues in the near future. Finally, Plaintiffs contend that a second notice is necessary to cure the chilling effects of EmCare's unauthorized contact with the potential plaintiffs just before the first notice was sent.

Contrary to Plaintiffs' position, judicial economy would not be served by a second notice. EmCare has expressly stated that it will not stipulate to being any other plaintiffs' employer. Thus, that fact issue, which is not at issue in this action, will need to be decided for any additional plaintiffs. A second notice would likely prejudice the current Plaintiffs by further delaying their recovery of damages. The potential plaintiffs will not be prejudiced by not sending a second notice. They have already received one notice that informed them of this action. Further, potential plaintiffs may bring a separate suit to assert their rights. A second notice would also allow the potential plaintiffs to be bound to a judgment in their favor while they avoided being bound to a possible judgment against them. *See Roberts v. W. Airlines*, 425 F. Supp. 416, 418-19 (N.D. Cal. 1976). As EmCare has had no other unauthorized contact with the potential plaintiffs, a second notice is not warranted as a sanction against EmCare. Accordingly, the Court **DENIES** Plaintiffs' Motion for Notice to Potential Class Members.

**So ORDERED and SIGNED this 2nd day of October, 2006.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**